UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL JUNIOR GIBBS,

                Plaintiff,        Civil Action No. 20-11084
                                       Honorable David M. Lawson
                                       Magistrate Judge David R. Grand

v.

THOMAS EVANS,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*, PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)

Plaintiff Karl Junior Gibbs ("Gibbs") brings this action pursuant to 42 U.S.C. § 1983 seeking monetary damages for alleged violations of his First Amendment rights by defendant Thomas R. Evans, Circuit Court Judge of the 55th Circuit Court for the County of Clare, Michigan. (ECF No. 1, PageID.4.) The Court having assessed the complaint's sufficiency pursuant to 28 U.S.C. § 1915(e), and for the reasons that follow, **IT IS RECOMMENDED** that Gibbs' complaint be **DISMISSED** *sua sponte*.

**Background**

Gibbs alleges that on January 5, 2017, at approximately 9:20 a.m., he appeared in front of Judge Evans in the 55th Circuit Court. (ECF No. 1, PageID.3.) Gibbs alleges that he suffers from bipolar disorder and that Judge Evans "was well aware of this." (*Id*.) Gibbs' complaint also alleges that Judge Evans told him to "shut the hell up" and "I don't give a damn" during an unspecified proceeding. (*Id*.) Gibbs claims that this "trigger[ed] [his] mental defect." (*Id*.) His claim for relief states he is seeking "in excess of $50,000.00 and [an] order [for] [Judge Evans] to apologize and refrain from doing [the] same thing again." (*Id*. at PageID.6.)

1

**Standard of Review**

Once a complaint is filed in *forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e). Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). The Court is required to construe Gibbs' *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney. *See Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005). Even applying this liberal standard, however, "a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Under these standards, Gibbs' complaint fails as a matter of law and should be dismissed.

**Analysis**

The Court begins by noting that Gibbs' § 1983 claim is subject to a three-year statute of limitations period. 42 U.S.C. § 1983; M.C.L.A. § 600.58-5(8). Gibbs alleges that the events giving rise to the claims in his complaint occurred on January 5, 2017. (ECF No. 1, PageID.3.) However, Gibbs filed his complaint on March 20, 2020. (ECF No. 1.) Therefore, Gibbs' complaint is barred by the statute of limitations. This is reason enough to dismiss Gibbs' complaint *sua sponte* under § 1915(e)(2)(B)(ii). *See Future Now Enterprises, Inc. v. Foster*, 860 F. Supp. 2d 420, 427 (E.D. Mich. 2012) ("A motion to dismiss based on the expiration of the statute of limitations is analyzed

2

under Rule 12(b)(6).").

Moreover, even if Gibbs' complaint was not barred by the statute of limitations, the doctrine of judicial immunity protects judges from suits seeking monetary damages based on judicial acts performed under proper jurisdiction. *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *Christmas v. Macomb Cnty. Circuit Court*, No. 07-10840, 2008 WL 251995, at *6 (E.D. Mich. Jan. 30, 2008) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Judicial immunity attaches so long as the act complained of was a judicial act (*i.e.*, a function normally performed by a judge while dealing with the parties in his judicial capacity) and was not taken in the absence of all jurisdiction. *See Pierson*, 386 U.S. at 553-55; *Stump*, 435 U.S. at 356-62. The Federal Courts Improvement Act of 1996 ("FCIA"), Pub.L. No. 104-317, § 309(c), 110 Stat. 3847, 3853 (1996), extends the doctrine of judicial immunity to requests for injunctive relief. *Gilbert v. Ferry*, 401 F.3d 411, 414 n. 1 (6th Cir. 2005). The FCIA amended 42 U.S.C. § 1983 to provide that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." As a result of this amendment, 42 U.S.C. § 1983 "explicitly immunizes judicial officers against suits for injunctive relief." *Roth [v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006)]; accord *Gilbert*, 401 F.3d at 414 n. 1 (noting that a Michigan State Court Administrator is "absolutely immune from injunctive relief under the judicial immunity doctrine.").

Applying the statutory and case law to the case at bar, Judge Evans is immune from suit for either money damages or injunctive relief for the behavior alleged in the complaint by Gibbs.

3

Even if Judge Evans made the alleged statements as Gibbs contends, Gibbs admits they were made in connection with a judicial proceeding during which Gibbs was "stating [his] claim" to Judge Evans. (ECF No. 1, PageID.3.) Thus, Gibbs' complaint is ripe for dismissal under Section 1915(e)(2)(B)(ii) and (iii). *See Pierson*, 386 U.S. at 553-55; *Stump*, 435 U.S. at 356-62.

### Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Gibbs' complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: June 22, 2020                               s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R.

5

Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 22, 2020.

s/Eddrey O. Butts<br>EDDREY O. BUTTS<br>Case Manager